# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUIS A. CURET,

                    Plaintiff,

v.

CHRISTOPHER BLOOM and
OFFICER TIM FILTER,

                    Defendants.

Case No. 20-CV-412-JPS

**ORDER**

Plaintiff Luis A. Curet ("Plaintiff"), an inmate confined at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 2, 2020, the Court permitted Plaintiff to pay his initial partial filing fee of $6.22 from his release account. (Docket #8). Plaintiff paid that fee on October 26, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #4). He must pay the

remainder of the filing fee over time in the manner explained at the end of this order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

Page 2 of 8
Case 2:20-cv-00412-JPS   Filed 08/02/21   Page 2 of 8   Document 9

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that his Fourth Amendment rights were violated by Defendant Christopher Bloom ("Bloom") when Bloom broke into his aunt's apartment without a valid search warrant. (Docket #1 at 4). Additionally, Plaintiff states that Defendant Officer Tim Filter ("Filter") used excessive force on him when Filter shot Plaintiff with a taser "for no real reason." (*Id.*) Plaintiff also alleges that he was unlawfully arrested, and he was never read his *Miranda* rights "before, during, or after [his] unlawful arrest." (*Id.*) Lastly, Plaintiff claims that Defendants made "trumped up charges by lying [about] me." (*Id.*) Plaintiff requests relief in the form of $95,000. (*Id.*)

### 2.3 Analysis

Plaintiff's allegations invoke his rights under the Fourth Amendment; however, he has failed to provide enough information to state a claim. The Court will allow Plaintiff an opportunity to amend his complaint, as explained below.

To start, Plaintiff claims that Defendants did not have a valid search warrant to enter his aunt's home and that he was unlawfully arrested. In order to prevail on a claim of an arrest in violation of the Fourth Amendment, Plaintiff must show that he was arrested without probable cause because probable cause is an absolute defense to such a claim. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). A police officer has probable cause to arrest a person if, at the time of the arrest, the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a

Page 3 of 8
Case 2:20-cv-00412-JPS   Filed 08/02/21   Page 3 of 8   Document 9

prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

Next, Plaintiff claims that Bloom used excessive force against him when Bloom shot Plaintiff with a taser. Claims that law enforcement officers used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The reasonableness inquiry is objective and fact-intensive: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. A court must consider whether each use of force was reasonable under the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396; *See Turner v. City of Champaign*, 979 F.3d 563, 567 (7th Cir. 2020); *Siler v. City of Kenosha*, 957 F.3d 751, 758–59 (7th Cir. 2020).

Lastly, Plaintiff claims that Defendants made "trumped up charges by lying [about] me." (Docket #1 at 4). Plaintiff, however, does not disclose whether the charges that were brought against him were dropped, if they are still pending, or if he was convicted of the crime. Thus, his constitutional claims may be *Heck*-barred because such a claim for damages may not be pursued if its success would necessarily imply the invalidity of the criminal conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

As it stands now, Plaintiff's allegations are conclusory and do not provide enough supporting facts to properly state a claim. Specifically, Plaintiff does not provide any information on when or where the alleged

constitutional violations occurred. Additionally, no information is provided about what police department or law enforcement agency that employed Bloom and Filter. Without such basic information, Plaintiff fails to state a claim.

**3. CONCLUSION**

Based on the foregoing, Plaintiff has failed to state a viable claim for relief. However, the Court will allow Plaintiff an opportunity to amend his complaint to expound upon his allegations against Defendants. If he chooses to offer an amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: 1) when the constitutional violations occurred; 2) where the constitutional violations occurred; 3) what law enforcement agency or department Defendants worked for; and 4) whether the charges brought against Defendant were dropped, if they are still pending, or if he was convicted of the crime. Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be

Page 5 of 8
Case 2:20-cv-00412-JPS   Filed 08/02/21   Page 5 of 8   Document 9

complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #4) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint (Docket #1) fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this order on or before **September 1, 2021**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $343.78 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk

of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge