EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LUIS A. CURET,<br><br>                           Plaintiff,<br><br>v.<br><br>CHISTOPHER BLOOM and OFFICER TIM FILTER,<br><br>                         Defendants. | Case No. 20-CV-412-JPS<br><br><br>**ORDER** |

**1.    INTRODUCTION**

On March 17, 2020, Plaintiff Luis A. Curet ("Plaintiff") filed this civil rights action under Title 42, United States Code, Section 1983, alleging violations of his constitutional rights. ECF No. 1. On October 12, 2021, the Court screened the amended complaint and allowed it to proceed against Defendants Christopher Bloom and Officer Tim Filter for the following two claims: (1) Fourth Amendment unreasonable search; and (2) Fourth Amendment excessive force. ECF No. 12.

On April 11, 2022, the Court entered a scheduling order with an August 1, 2022 deadline to file dispositive motions. ECF No. 34. The Court's order required that for summary judgment motions, the parties must meet and confer at least 30 days prior to filing the motion and create a single, agreed-upon statement of facts. *Id.* at 3. In line with this District's Local Rules, the scheduling order permitted the parties to submit a separate set of itemized, disputed facts, in addition to their statement of stipulated facts. *Id.*; *see also* Civ. L.R. 56(b)(1)(C). Also in line with the Local Rules, the Court's scheduling order informed the parties that, "[i]f a party disagrees whether a statement is material or disputed, it must take care to explain to

the Court why its position is correct." ECF No. 34 at 3; *see also* Civ. L.R. 56(c)(2)(B). The Court further explained that "[i]f the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate." ECF No. 34 (citing Fed. R. Civ. P. 56(a).

On July 18, 2022, Defendants filed a motion to dismiss for the failure to prosecute and comply with the Court's scheduling order. ECF No. 69. On July 19, 2022, Plaintiff filed a letter, presumably in response to Defendants' motion. ECF No. 73. On July 21, 2022, the Court ordered Plaintiff to comply with the meet and confer requirement for summary judgment on or before August 18, 2022, and cautioned him that the failure to do so would result in dismissal of this case without further notice. ECF No. 75. On July 25, 2022, Plaintiff filed a letter regarding his willingness to meet and confer, ECF No. 78. On July 28, 2022, the Court extended the deadline to file summary judgment motions until August 15, 2022. ECF No. 82.

On August 15, 2022, Plaintiff filed a letter regarding the parties' agreed-upon statement of facts. ECF No. 98. That same day, Defendants filed a motion for summary judgment. ECF No. 99. The summary judgment motion is now fully briefed. For the reasons more fully discussed below, summary judgment will be denied for Defendants' failure to comply with the Court's summary judgment protocols.

### 2. COMPLIANCE WITH SUMMARY JUDGMENT PROTOCOLS

The Court took great care when creating its summary judgment procedures in order to ensure that precious judicial resources are preserved. Every litigant is certainly entitled to his or her day in court; they are not entitled, however, to disregard Court orders and to take an unfair share of judicial resources. In this instance, the parties have failed to comply with the Court's summary judgment requirements regarding factual

submissions and instead seek for the Court to wade through the morass of filings in this case and do their work for them. The Court declines to do so; summary judgment will therefore be denied for Defendants' failure to comply with the Court's summary judgment protocols.

The Court will briefly address the parties' factual submissions. Prior to Defendants' motion for summary judgment, Plaintiff filed a letter regarding the parties' agreed-upon statement of facts. ECF No. 98. This letter asks the Court *not* to consider Defendants' statement of facts filed with its summary judgment motion. *Id.* Plaintiff indicates that Defendants provided him with seventy-seven (77) pages of proposed facts and that he had less than twenty-four (24) hours to review and provide his responses. *Id.* Plaintiff further indicates that after sufficient time to review and investigate the facts over the weekend, he was able to fully identify disputed facts and provide citation for those disputes. *Id.* Plaintiff attaches to the letter his version of the proposed facts, with disputes and accompanying citations, and begs the Court to not consider Defendants' proposed facts. *Id.* Particularly in light of Plaintiff's pro se status and unfamiliarity with legal proceedings, the Court finds it reasonable that Plaintiff needed additional time to review and investigate Defendants' proposed facts.

The same day as Plaintiff's letter, Defendants' motion for summary judgment was filed with proposed findings of fact. ECF Nos. 99, 100. Defendants indicate that the parties met and conferred regarding a single, agreed-upon statement of material facts on August 11, 2022, in person at Green Bay Correctional Institution. *Id.* at 1. Prior to the meeting, defense counsel prepared a proposed draft of the parties' agreed-upon statement of facts, which contained pinpoint citations to the record in support of each

proposed material fact. *Id.* Defense counsel also brought with them to the meeting hard copies of Rule 56 of the Federal Rules of Civil Procedure, the Eastern District of Wisconsin's Civil Local Rule 56, and the record materials cited in their proposed draft so that Plaintiff could review and verify Defendants' citations. *Id.* Plaintiff disputed many of Defendants' factual assertions; Defense counsel suggested that the parties create a written record of Plaintiff's disputes, as well as any support in the record of this case that Plaintiff believed supported his disputes. *Id.* at 2. Defendants maintain that most of Plaintiff's disputes are not genuine pursuant to Fed. R. Civ. P. 56(c)(1) because they are not sufficiently supported by the record of this case. Defendants' statement of material facts lists out its proposed facts and notes any disputes by Plaintiff. *Id.* at 3. As far as the Court can glean from the voluminous summary judgment record, Defendants never addressed Plaintiff's letter filed that same day and never addressed Plaintiff's additional disputes with their findings of fact.

On August 26, 2022, Plaintiff filed a statement of disputed facts and caselaw in support. ECF No. 116.[1] On September 15, 2022, Defendants filed a response to the statement of facts, ECF No. 131, and on September 26, 2022, Plaintiff filed a response to Defendants' statement of facts and a request for additional time to correct the record, ECF No 134.

The factual submissions in this case are incredibly messy, disorganized, and are precisely what the Court sought to avoid by requiring the parties to create a single, agreed-upon statement of facts. Over thirty (30) documents have been filed in relation to a single summary judgment motion for a relatively simple case with two issues. Plaintiff's

---

[1] The Clerk's office re-filed a legible document at ECF No. 122.

amended response to Defendants' proposed findings of fact, ECF No. 98-1, identifies the numerous factual disputes in this case. Plaintiff proceeds as a pro se party and the Court is obliged to liberally construe his filings; as the non-moving party, the Court must also view all facts and reasonable inferences in the light most favorable to Plaintiff. Importantly here, Plaintiff disputes the majority of the facts related to Defendants' use of force and cites to his own deposition in support. *See id.* at 16-19. For example, the Plaintiff disputes his location at the time of the arrest, whether verbal commands were given prior to the use of force, and the length of time the taser was used on him. *See id.* Summary judgment is rarely appropriate in excessive force cases. *See Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (emphasizing that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly). Defendants' failure to identify and address these disputes, among others, is detrimental to their motion for summary judgment. The Court will accordingly deny Defendants' motion for summary judgment for their failure to comply with the Court's summary judgment protocols.

### 3. CONCLUSION

For the reasons explained above, the Court denies as moot Defendants' motion to dismiss for failure to prosecute, ECF No. 69. The Court further denies Defendants' motion for summary judgment, ECF No. 99, for their failure to comply with the Court's summary judgment protocols.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss for failure to prosecute, ECF No. 69, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment, ECF No. 99, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge